# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ABRAHAM M.,**
**Petitioner Below, Petitioner**

**v.) No. 24-ICA-368**   (Fam. Ct. Kanawha Cnty. Case No. FC-20-2021-D-463)

**ANDREA M.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Abraham M. ("Father")[1] appeals the Family Court of Kanawha County's August 15, 2024, orders denying his motion to require the investment of a portion of his child support obligation and denying his motion to reduce the guardian ad litem's ("GAL") fees. Respondent Andrea M. ("Mother") responded in support of the family court's decision.[2] Father did not file a reply.[3]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision, but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is affirmed, in part, vacated, in part, and remanded to the family court with directions as set forth herein.

Father and Mother were divorced by an order entered on April 11, 2022 by the Family Court of Kanawha County. They share three children, A.M.-1, born in 2007, A.M.-2, born in 2008, and E.M., born in 2011. Father was initially ordered to pay $19,000 per month in child support.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is represented by Paul S. Saluja, Esq. Mother is represented by Hannah Tothe, Esq.

[3] Besides filing a motion to dismiss, J. Rudy Martin, Esq., the GAL, did not participate in this appeal.

1

On February 15, 2023, Father filed a petition for modification of the parenting plan. Upon Father's request, an order was entered appointing a GAL for the three children. Father was directed to pay all fees associated with the GAL's representation, requiring the first $5,000 paid upfront.

On April 5, 2024, Father filed several motions, including motions to strike the GAL's final report and to reduce the GAL's fees. The GAL filed his report on April 8, 2024, less than forty-eight hours prior to the scheduled final hearing. In Father's motions, he asserted that the late filing was a violation of Trial Court Rule 6.01(c)[4] and that the report inappropriately discussed settlement discussions between the parties, which violated Rule 408 of the West Virginia Rules of Evidence, among other things.[5] The GAL's report

---

[4] We note that Father incorrectly cites to the Trial Court Rules in his brief. West Virginia Code § 48-9-301 is the applicable authority that governs GAL reports in cases regarding custodial allocation. It states that "[t]he investigator shall deliver the investigator's report to counsel and to any party not represented by counsel at least 10 days prior to the hearing unless a shorter time is ordered by the court for good cause shown." The difference in time frames outlined in the authorities listed above do not make a substantive difference in this appeal. Accordingly, we do not address it.

[5] West Virginia Trial Court Rule 6.01(c) states, "[e]xcept by permission or order of the court, no pleading shall be filed less than forty-eight (48) hours prior to oral presentation or argument of a proceeding."

Rule 408 of the West Virginia Rules of Evidence states as follows:

(a) **Prohibited Uses.** Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim, the liability of a party in a disputed claim, or to impeach by a prior inconsistent statement or a contradiction:
(1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
(2) conduct or a statement made during compromise negotiations about the claim.
(b) **Exceptions.** This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

recommended 50-50 parenting between the parties as the "least-worst" option, and the GAL opined that Father had discussed confidential matters with the children and made disparaging remarks about Mother.

On or about November 7, 2023, Father filed a motion to modify child support, wherein he requested that any child support over $2,000 per child be placed into a trust for that child. Hearings on Father's motions were held on April 8, 2024, and July 30, 2024. An order was entered on August 6, 2024, adopting the parties' agreed 50-50 parenting plan and reducing Father's child support obligation to $9,892.23 per month.

The family court's order denying Father's motion to invest a portion of the child support was entered on August 15, 2024. The family court found that Mother supported Father while he finished his specialized education and built his medical practice, and that she stayed home to care for the children, not pursuing any career opportunities for herself. The court further found that the family enjoyed a very luxurious lifestyle with an expensive home, pool, hot tub, lavish vacations, and access to all opportunities in school and sports. Additionally, the court found that Mother attempted to continue to provide those things for the children after the parties' separation and relied on Father's child support to do so.

Regarding the parties' incomes, the court found that in 2023, Mother's income was $118,000, and Father's income was over $2,100,000. The court also noted that the final divorce order was silent on how the parties were to allocate the cost of the children's extra-curricular activities. Mother testified that she paid for most of the children's costs for extra-curricular activities with child support from Father. The family court denied Father's motion for a portion of the child support to be invested, holding that it would cause difficulty for Mother to provide the lifestyle to which the children were accustomed. The court further held that child support (and Father's desire to invest a portion of it) would need to be reviewed yearly.

A second family court order was entered on August 15, 2024, denying Father's motion to reduce the GAL's fees wherein the court found the following: (1) Father paid the GAL approximately $15,000; (2) the GAL's report was submitted on April 4, 2024, and the hearing was scheduled for April 8, 2024; (3) the GAL's report was not filed ten days prior to the hearing, as required by the May 10, 2023, order; (4) the GAL completed a substantial amount of work on the case and (5) at no time did either party challenge the GAL's work or allege that he did not perform the work reflected in his billing. The family court held that Father could have asked for a continuance if he needed additional time to review the report and that he failed to ask the court to exclude the GAL report on the grounds that it did not comply with the May 10, 2023, order. Had Father done so, the family court held that it would have either continued the hearing or ordered the GAL to revise his report. It is from the two August 15, 2024, family court orders that Father now appeals.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

Father raises two assignments of error on appeal. First, he asserts that the family court erred by failing to follow the requirements of *Luis B. v. Linda B.*, No. 16-0303, 2017 WL 1348515 (W. Va. April 7, 2017) (memorandum decision)[6] and West Virginia Code § 48-13-802 (2011)[7] in denying his motion to invest a portion of the child support without making specific findings of fact in support of its decision. We disagree. Both the applicable statute and *Luis B.* note that the family court has discretion regarding the investment of child support. Here, the family court found that the children participated in multiple extra-

_____

[6] In *Luis B.*, the Supreme Court of Appeals of West Virginia ("SCAWV") held the following:

The family court is also granted broad discretion to order, as the family court did here, the investment in a trust of any portion of the monthly child support obligation, and the family court is required to make a finding concerning such an investment if the monthly obligation exceeds $2,000. W.Va. Code § 48-13-802 (2015).

*Id.* at *4.

[7] West Virginia Code § 48-13-802 (2011) states, in part, as follows:

(a) The court has the discretion, in appropriate cases, to direct that a portion of child support be placed in trust and invested for future educational or other needs of the child. The court may order such investment when all of the child's day-to-day needs are being met such that, with due consideration of the age of the child, the child is living as well as his or her parents.

(b) If the amount of child support ordered per child exceeds the sum of $2,000 per month, the court is required to make a finding, in writing, as to whether investments shall be made as provided for in subsection (a) of this section.

curricular activities, were accustomed to a certain lifestyle, and that Mother would not be able to provide such a lifestyle without utilizing Father's child support payments. We conclude that the family court included sufficient findings of fact in its order and acted within its discretion in denying Father's motion to invest a portion of the monthly child support obligation. Accordingly, we find no error in this regard.

As his second assignment of error, Father contends that the family court erred when it failed to consider his objections to the GAL fees and that it failed to include sufficient findings of fact based upon the evidence adduced. In support of his argument, Father states that the GAL spent approximately twenty-seven of his billable hours speaking with Mother, thirty-one hours speaking with the children, and forty-one hours with "collaterals" who were not named, but would not return a call or message to Father. Further, he argues that the GAL filed his report in less than forty-eight hours prior to the hearing and dined in Mother's home allegedly more than once. Father does not ask that Mother pay a portion of the GAL fees, but simply asks that they be reviewed and/or reduced. Based upon our review of the record, we conclude that Father's second assignment of error concerning the family court's findings has merit.

Pursuant to *Hylton v. Andrew P.*, No. 23-ICA-222, 2024 WL 1256055 (W. Va. Ct. App. March 25, 2024) (memorandum decision), the family court is required to address with particularity Father's objections when determining the reasonableness of the GAL's fees. In the case at bar, the family court found that this case was complex, that the GAL put a substantial amount of work into the case, and that the GAL was paid pursuant to the SCAWV hourly rate and not a private rate. However, we find the family court failed to make specific findings of fact regarding the time required and billed, the difficulty of the issues presented, and did not inquire about why the GAL spent a substantial amount of time with unnamed "collaterals" while having negligible communication with Father. Although we note that Father requested the GAL below and is obligated to pay the fee, we conclude that the family court failed to include sufficient findings of fact to allow for meaningful appellate review on Father's contention that the GAL fees were excessive.

Accordingly, we affirm the family court's order on Father's first assignment of error, but we vacate and remand this matter to the family court on Father's second assignment of error, with directions to enter a new order containing sufficient findings of fact and conclusions of law regarding the reasonableness of the amount of the GAL's fees and whether such fees should be reduced, once reviewed.

Affirmed, in part, Vacated, in part, and Remanded, with Directions.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White